Chia-li Bruce (SBN 252876)
cshih@BruceStone.us
BRUCE STONE LLP
425 Market Street, Suite 2200
San Francisco, CA  94105
Telephone:  (415) 230-4343
Facsimile:   (415) 236-6060

*Attorney for Plaintiff*
King Shen Co., Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| King Shen Co., LTD., a Taiwan Corporation, and David Tsai, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> King Roof Industrial Co. Ltd., a Taiwan Corporation <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, King Shen Co., Ltd., and Mr. David Tsai (collectively "Plaintiffs"), files this Complaint against defendant King Roof Industrial Co. Ltd. ("KING ROOF") and demanding a trial by jury, alleges as follows:

### I. THE PARTIES

1. Plaintiff, King Shen Co., Ltd. ("King Shen"), is a corporation incorporated under the laws of Taiwan and is located and doing business at No. 50, Lane 958, Zhanghua Road, Huatan Township, Chuang Hua City, Taiwan 503.

2. Plaintiff, Mr. David Tsai, is an individual residing at No. 67, Nancheng St., Changhua City, Changhua County 500, Taiwan (R.O.C.).

3. Upon information and belief, the Defendant, King Roof Industrial Co. Ltd. ("KING ROOF") is a corporation incorporated under the laws of Taiwan and is located and doing business at No. 75, Ln. 100, Shuitou 1st Road, Wai Pu District, Taichung City 43856, Taiwan.

## II. JURISDICTION AND VENUE

4. Plaintiffs' claims against Defendant KING ROOF are for patent infringement under 35 U.S.C. § 101, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant KING ROOF because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. Upon information and belief: (1) KING ROOF has conducted and regularly conducts business activities within the State of California and the Central District of California; (2) KING ROOF has had continuous, substantial, and systematic contacts with the State of California and this District through import, sale of and offers to sell certain products, including at least Curt Manufacturing model numbers 18084 and 18086, and Hollywood Racks models HR200, HRT220, HR1000, HR1000R, HR1400, HR1450, HR1450E, HR1450R, HR1475, and Sunlite models 45815 and 45816 (hereinafter the "Accused Products"); and (3) events giving rise to the cause of action herein, including, but not limited to, importation, sales of, and offers to sell, the Accused Products, occurred and are occurring in California and in this District. As further set forth herein, on information and belief, KING ROOF has contributed to and induced acts of infringement within the State of California and the Central District of California. The acts by Defendant cause injury to Plaintiffs within this District. Upon information and belief, Defendant derives substantial revenue from the sale of infringing products within this District,

expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

6. Pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), venue within this District is proper.

### III.  BACKGROUND FACTS

7. King Shen is a leading manufacturer in the field of bike racks whose products are sold around the world. King Shen has spent considerable time and effort in developing new bike rack designs that have gained considerable commercial success.

8. King Shen protected its new bike rack design by obtaining patents in both the United States and Taiwan.

9. On July 10, 2007, the United States Patent and Trademark Office duly and legally issued patent number 7,240,816 ("the '816 Patent") after full and fair examination. A true and accurate copy of the '816 Patent is attached hereto as Exhibit 1.

10. The '816 Patent relates to a bike rack for use on vehicles.

11. The '816 Patent is valid and enforceable.

12. Mr. David Tsai is the inventor of the '816 patent and an owner of King Shen, Ltd. King Shen is the exclusive licensee of the '816 Patent and holds all substantial rights in the '816 Patent including the right to bring suit for patent infringement.

13. King Shen manufactures, imports, sells, and/or offers to sell products that utilize the '816 Patent in this District, throughout the United States, and in various countries around the world.

14. Products utilizing the '816 invention manufactured by King Shen are prominently marked with US Patent #7240816 and TW (Taiwan) Patent #1222941.

15. Given the commercial success of King Shen's designs, many competitors have sold or otherwise distributed blatant knockoff bike racks that infringe King Shen's '816 patent. KING

ROOF is one such infringer. KING ROOF has manufactured, imported, sold, offered for sale, or otherwise distributed bike racks that have infringed on King Shen's patent.

16. King Shen has successfully enforced its patent against other infringers and has entered into or is in the process of negotiating settlement agreements with said infringers concerning the '816 patent.

### IV. DEFENDANTS' INFRINGEMENT OF THE '816 PATENT

17. KING ROOF is a bike rack company that manufactures, sells, imports and distributes through a wide variety of brand names including but not limited to Hollywood Engineering Inc. and Curt Manufacturing, LLC.

18. The Accused Products are among the products manufactured and sold by KING ROOF for distribution and sale into the jurisdiction and throughout the United States.

19. The Accused Products infringe, both literally and under the doctrine of equivalents, upon independent claim 1 of the '816 Patent and dependent claims 2-20 thereof.

20. On information and belief, Defendant has imported, sold, offered to sell, and/or used the Accused Products. Defendant also provides instructions and directions on how to use the Accused Products in the product packaging.

21. On information and belief, Defendant had constructive notice of the '816 Patent since July 10, 2007, which is the date the '816 Patent issued from the United States Patent and Trademark Office. Upon information and belief, on or around March 2009, Defendant was placed on actual notice of the '816 Patent by KING ROOF's customer Hollywood Engineering, Inc.

### V. COUNT I – PATENT INFRINGEMENT

22. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-21, supra.

23. Defendant is currently infringing and has infringed the '816 Patent directly by, without authority, among other activities, making, using, selling or offering to sell in or importing into

the United States, including this District, the Accused Products, which embody the inventions claimed in the '816 Patent, as detailed in the attached preliminary and exemplary infringement charts, attached hereto as Exhibit 2. These charts are not intended to limit Plaintiffs' right to modify these charts or any other claim chart or allege that other activities of Defendant infringe the identified claims of the '816 Patent or any other patents. Exhibit 2 is hereby incorporated by reference in its entirety. Each claim element in Exhibit 2 that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

24. Defendant has directly and jointly infringed and are currently directly and jointly infringing the '816 Patent literally and/or under the doctrine of equivalents.

25. Defendant is actively, intentionally, and/or knowingly inducing infringement of the '816 Patent by others in the United States, including, but not limited to, distributors and bike retail stores, and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271(b).

26. Defendant is actively, intentionally, and/or knowingly contributing to infringement of the '816 Patent by others in the United States, including, but not limited to distributors and bike retail stores, and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271(c).

27. Defendant has never been authorized to practice the inventions protected by the '816 Patent.

28. Because, upon information and belief, Defendant has had constructive notice of the '816 Patent since 2007 and constructive notice at least since 2009, its infringement of the '816 Patent has been and continues to be willful and deliberate.

29. Defendant's infringement of the '816 Patent has caused injury to Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate for such infringement.

30. Defendant will continue to infringe the '816 Patent unless this Court enjoins and restrains Defendant's activities, and Plaintiffs have no adequate remedy at law.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

31. Finding that U.S. Patent No. 7,240,816 is valid, enforceable, and infringed by Defendant, and that Defendant is jointly liable for inducement of infringement and contributory infringement of the '816 Patent;

32. Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted '816 Patent;

33. Holding that Defendant acted willfully in causing damage to Plaintiff;

34. Awarding Plaintiff such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

35. Awarding Plaintiff enhanced damages, pursuant to 35 U.S.C. § 284;

36. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

37. Declaring this case to be exceptional and awarding Plaintiffs their costs, expenses, and reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

38. Awarding Plaintiff such other and further relief as the Court deems just, equitable, and proper.

### VII.   JURY DEMAND

Plaintiff hereby respectfully requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Respectfully submitted,

Dated: May 23, 2017                                          BRUCE STONE LLP

                                                By:    /s/ Chia-li Bruce
                                                       Chia-li Bruce (SBN 252876)
                                                       Attorney for Plaintiffs