Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorneys for Defendant,
**KING ROOF INDUSTRIAL CO. LTD.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| King Shen Co., LTD., a Taiwan Corporation, and David Tsai, an individual,<br><br>Plaintiff,<br><br>v.<br><br>King Roof Industrial Co. Ltd., a Taiwan Corporation,<br><br>Defendant. | CASE No. 2:17-cv-03845 GW (MRWx)<br><br>Assigned Judge: Hon. George Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FORUM NONCONVENIENS**<br><br>Date: July 17, 2017<br>Time: 8:30 am<br>Courtroom: 9D, 9th Floor, 350 West 1st Street, Los Angeles, CA 90012 |

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD IN THIS ACTION: PLEASE TAKE NOTICE** that on Monday, July 17, 2017 at 8:30am, or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA, 90012, the Honorable George Wu presiding, Defendant King Roof Industrial Co. Ltd. ("Defendant"), will and hereby does move for an Order that the Complaint be Dismissed for Forum *Nonconveniens*. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 9, 2017.

Defendant contends that, if the Court denies Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, the proper forum for hearing this matter is not the Central District of California, but a foreign jurisdiction. In support of this contention,

Defendant shows:

1. Defendant is a corporation formed, existing, and doing business in the Republic of China ("Taiwan"). It was not formed under the laws of California, or any other State of the United States; it has not made, used, sold, offered for sale in the United States, or imported into the United States, any products; is not doing business in this State; nor has it consented in any way to be sued in this State.
2. Plaintiffs are a Taiwan corporation and a citizen of Taiwan.
3. The parties, evidence, and witnesses in this matter are located in Taiwan.
4. A Judgement in this Court would be difficult to enforce.
5. There is a prior filed litigation pending in Taiwan between the parties for the same subject matter, filed by Plaintiffs.
6. This litigation places unnecessary burden and strain on local courts and judges.
7. There is no local interest in this litigation.

WHEREFORE, Defendant respectfully requests that this Court enter an order Dismissing the Complaint for Forum *Nonconveniens* with Prejudice, and for any other relief which this Court deems just and proper.

The motion is based on this Notice of Motion, the attached Declaration(s) of Jason Shen, Plaintiff's Proof of Service, the attached supporting memorandum, the papers, records, and file herein, and such evidence as may be presented at the Hearing of the Motions, if any.

DATED: June 16, 2017

**HANKIN PATENT LAW, APC**

By: /Marc E. Hankin/
Marc E. Hankin Attorneys for Defendant, King Roof Industrial Co. Ltd.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

#### A. Summary

This motion is made on behalf of Defendant King Roof Industrial Co. Ltd. ("Defendant"), a company registered in the Republic of China ("Taiwan"). Defendant is appearing specially for purposes of this motion, the Motion to Quash Service, and Motion to Dismiss for Lack of Personal Jurisdiction only. If the Court denies Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, the Court should grant Defendant's motion to dismiss because there is a much more appropriate jurisdiction in which to hear this matter. There is simply no reason that venue is proper here.

#### B. Statement of Facts

Plaintiffs King Shen Co. LTD. is a Taiwan Corporation ("King Shen") and David Tsai is a Taiwan citizen (collectively "Plaintiffs"). Defendant King Roof Industrial Co. Ltd. ("Defendant") is a Taiwan Corporation that only does business in Taiwan.

Plaintiffs have accused Defendant of Infringing U.S. Patent No. 7,240,816 ("the '816 Patent"). Specifically, Plaintiffs argue that Defendant's sales of Curt Manufacturing model numbers 18084 and 18086, and Hollywood Racks models HR200, HRT220, HR1000, HR1000R, HR1400, HR1450, HR1450E, HR1450R, HR1475, and Sunlite models 45815 and 45816 (hereinafter the "Accused Products") infringe the '816 Patent.

Plaintiffs, a Taiwan Corporation and Taiwan citizen, have already initiated litigation against Defendant, a Taiwan Corporation, in a Taiwan Court, wherein the complained of actions occurred in Taiwan. Yet, Plaintiff proceeded to file in the Central District of California a Complaint for Patent Infringement.

None of the parties, evidence, or witnesses are in the United States. Defendant

has not made, used, sold, offered for sale in the United States, or imported into the United States, any products at all.

The facts relevant to this Motion to Dismiss for Forum Nonconveniens are that Defendant does not have contacts with the United States to establish Personal Jurisdiction, general or specific.

## II. ARGUMENT

If the Court denies Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, this Court has the discretion to dismiss this litigation under the common law doctrine of Forum *Nonconveniens*. *American Dredging Co. V. Miller* 510 US 443, 453 (1994).

In determining whether to Grant a Motion to Dismiss for Forum *Nonconveniens*, Defendant bears the burden of showing that there is an adequate alternative forum and the balance of private and public interest factors favors dismissal. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 US at 422, 429 (9th Cir. 2007).

While Plaintiff may argue that the doctrine of Forum *Nonconveniens* is inapplicable to certain federal claims, statutes giving federal courts exclusive jurisdiction of particular actions do not prevent courts from declining jurisdiction on the basis of Forum *Nonconveniens*. Such statutes grant federal courts jurisdiction "exclusive of the courts of the state," not exclusive of courts in foreign nations. *Creative Technology, Ltd. v. Aztech System Pte.*, 61 F.3d 696 at 703 (1995). There is no reason that a Taiwan court could not interpret United States laws, including United States Patent law.

### A. An Alternative Forum Exists

Here, the alternative forum is clear, Taiwan. The Parties all reside in Taiwan and Service of Process may be effected in Taiwan. In fact, there is already an action proceeding in Taiwan with all the same parties for the same issues raised in Plaintiffs' Complaint.

**B.     Private Interest Factors Weigh Heavily In Favor Of Dismissing**

The private interest factors weigh heavily in favor of dismissing on the basis of Forum *Nonconveniens*. The private interest factors include: 1) residence of the parties and witnesses; 2) availability of compulsory process for attendance of witnesses; 3) costs of bringing willing witnesses and parties to the place of trial; 4) access to physical evidence and other sources of proof; 5) enforceability of judgments; and 6) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 US 501 at 508 (1947).

Here, the parties all reside in Taiwan. Any witnesses that may be called by Defendant, and likely Plaintiffs, would be in Taiwan. It would be extremely expensive to bring witnesses from Taiwan to California. The physical evidence and other sources of proof are all in Taiwan. A judgment by a United States Court might also not be enforced in Taiwan, especially when there are potentially service issues, as is the case here.

Furthermore, there is already a case proceeding in Taiwan. It stands to reason that this case in Taiwan that was initiated in February is much further along, and it makes sense to continue with that case alone.

Defendant posits that the reason Plaintiffs filed the present litigation in California is simply to take advantage of the possibly more liberal discovery procedures provided by United States law. If Plaintiffs actually thought that it was important to proceed in California, and not Taiwan, then surely Plaintiffs would have simply filed in California in the first place.

Thus, the Private Interest Factors weigh heavily in dismissing the Complaint on the basis of Forum *Nonconveniens*.

**C.     Public Interest Factors Weigh Heavily In Favor Of Dismissing**

The Public Interest Factors include: 1) burden on local courts and juries; 2) local interest in the lawsuit; and 3) familiarity with governing law and avoidance of unnecessary problems in conflicts of law or application of foreign law. *Gulf Oil*

*Corp., v. Gilbert*, 330 US 501 at 508-509 (1947); *McLane v. Marriott Int'l, Inc.*, 960 F. Supp. 2d 1351 at 1361 (2013).

The present litigation concerns three Taiwan based parties, for actions that happened in Taiwan. This places an unnecessary burden on local courts and juries, and there is absolutely no local interest in the lawsuit. Additionally, it may be possible that a judgment in a United States court might conflict with any possible judgment or ruling from the currently pending Taiwan litigation.

Thus, the Public Interest Factors weigh heavily in dismissing the Complaint on the basis of Forum *Nonconveniens*.

## III. CONCLUSION

For the reasons set forth hereinabove, if the Court denies Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Defendant respectfully requests that the Court dismiss the Complaint with Prejudice for Forum *Nonconveniens*.

DATED: June 16, 2017

**HANKIN PATENT LAW, APC**

By: /Marc E. Hankin/

Marc E. Hankin Attorneys for Defendant,
King Roof Industrial Co. Ltd.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 1265, Los Angeles, CA 90025.

On June 16, 2017, I caused to be served the **NOTICE OF MOTION AND MOTION TO DISMISS FOR FORUM NONCONVENIENS** on the interested parties in this action, by electronic service as follows:

Chia-li Bruce
**BRUCE STONE LLP**
425 Market Street, Suite 2200
San Francisco, CA 94105
cshih@BruceStone.us
Phone: (415) 230-4343
Fax: (415) 236-6060

___ (BY MAIL) The envelopes were first class mail, with postage thereon fully prepaid, U.S. Mail. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service or FED EX on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

___ (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee listed as above.

XX (BY ELECTRONIC SERVICE) Via electronic notification provided by CM/ECF and by e-mail to the e-mail address listed as above.

___ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of the Court at whose direction the service was made.

/Anooj Patel/

Date: June 16, 2017 Anooj Patel