Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorneys for Defendant,
**KING ROOF INDUSTRIAL CO. LTD.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| King Shen Co., LTD., a Taiwan Corporation, and David Tsai, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>King Roof Industrial Co. Ltd., a Taiwan Corporation,<br><br>    Defendant. | CASE No. 2:17-cv-03845 GW (MRWx)<br><br>Assigned Judge: Hon. George Wu<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION FILED CONCURRENTLY WITH EVIDENTIAL OBJECTIONS TO THE PURPORTED EVIDENCE AND DECLARATION OF COUNSEL SUBMITTED BY PLAINTIFF IN ITS OPPOSITIONS**<br><br>Date: July 24, 2017<br>Time: 8:30 am<br>Courtroom: 9D, 9th Floor, 350 West 1st Street, Los Angeles, CA 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Summary

Defendant King Roof Industrial Co. Ltd. ("Defendant") filed its Motion to Dismiss for Lack of Personal Jurisdiction on June 16, 2017. Plaintiffs King Shen Co. LTD. is a Taiwan Corporation ("King Shen"), and David Tsai is a Taiwan citizen ("Tsai") (collectively "Plaintiffs") filed their Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction on June 26, 2017. In Plaintiffs' Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiffs make liberal use of inadmissible hearsay, non-authenticated documents, statements made without personal knowledge, incomplete facts, and misconstrued cases that do not say what Plaintiffs believe the cases to say.

## II. ARGUMENT

Plaintiffs allege that Defendant has "minimum contacts" with the United States, but Plaintiff utterly fails to consider the context behind the "facts" put forward, which paint a completely different picture.

LEGAL CASES.

Plaintiffs argue that Defendant imports the "Accused Products" into the United States, but it does not. Plaintiffs argue that Defendant sells goods under U.S. Trademark Registration No. 3827805, but it does not. The main portions of Plaintiffs' arguments are based on inadmissible hearsay and incomplete facts.

### A. Plaintiffs Have Failed To Demonstrate Defendant Has Minimum Contacts With The Forum State Because Defendant Does Not Have Minimum Contacts With The Forum State

Virtually all evidence used by Plaintiffs in Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction, including the "Shipping Records" attached as Exhibit A to the Declaration of Joseph Bruce, is inadmissible, the reasons for which are laid out in Defendant's Objections. For example, the "Shipping Records" are

hearsay and lack proper authentication. See Defendant's Objections. There is no explanation as to what Import Genius is, how it operates, and is the text book definition of hearsay, an out of court statement offered to prove the truth of the matter asserted. Accordingly, Plaintiff simply cannot use this evidence to attempt to establish that this Court has Personal Jurisdiction over Defendant. Indeed, this is a scenario in which the rationale for the hearsay rule is abundantly clear, there is no way to verify the veracity or completeness of information presented in the "Shipping Records", and these "Shipping Records" are misleading and incomplete, as explained further hereinbelow.

Every sale made by Defendant was made on a "Free on Board" basis, also referred to as "Freight on Board" ("FOB"), wherein ownership of the goods were transferred to Defendant's customer in Taichung Port, Taiwan. Supp. Decl. J. Shen ¶2-6. Defendant finds a customer, and Defendant then handles logistics of moving the products from Defendant's factory to the Taichung Port, Taiwan. The goods are then loaded onto a ship, picked by the customer, and Defendant then surrenders the Bill of Lading to the customer, which means the ownership of the goods are transferred to the customer. *Id* at ¶5. This is all information that is conveniently left out by the inadmissible as evidence "Shipping Records".

Plaintiffs cite *LightCubes v. Nothern Light Products*, 523 F.3d 1353 (Fed. Cir. 2008) to argue that personal jurisdiction may be found where a supplier delivered goods to an intermediate that then sent the goods to the United States. Plaintiffs' arguments and conclusion are misleading, or simply wrong, because Personal Jurisdiction was not challenged by the defendant in that case, and personal jurisdiction was not at issue. *LightCubes v. Nothern Light Products*, 523 F.3d 1353 at Fn. 10. Only Subject Matter Jurisdiction was at issue in *LightCubes*. Accordingly, LightCubes does not support finding Personal Jurisdiction where a supplier delivered goods to an intermediate that then sent the goods to the United States.

Plaintiffs cite *SEB S.A. v. Montgomery Ward*, 594 F. 3d 1360 (Fed. Cir. 2010) to

1 argue that an FOB sale in another country may be considered a sale in the United
2 States. However, again, just as in *LightCubes*, the Court in *SEB S.A.*was not even
3 considering Personal Jurisdiction. The Court in SEB S.A. was considering location of
4 sales for purposes of infringement of 35 U.S.C. §271, and the Court stated that it was
5 not a fundamental error for the district court to instruct the jury that the jury could
6 consider "where the products were shipped from and where the products were shipped
7 to" in determining if a sale occurred in the United States. *Seb S.A. v. Montgomery
8 Ward*, 594 F.3d 1360, 1375 (Fed. Cir. 2010). Accordingly, this case too does not
9 advance Plaintiffs' idea that an FOB sale in a foreign jurisdiction can grant a United
10 States Court Personal Jurisdiction over a foreign entity.

11 *LightCubes* and *Seb S.A.* are the only cases that Plaintiffs offer to support the
12 idea that an FOB sale in a foreign jurisdiction may give a Court Personal Jurisdiction
13 over a foreign entity. Neither of these cases even dealt with Personal Jurisdiction
14 Issues.

15 While being an FOB seller does not automatically shield a Defendant from a
16 Court's exercise of Personal Jurisdiction, in order for a Court to have Personal
17 Jurisdiction over an FOB seller, the FOB seller must do something more to direct its
18 activities. *Aurora Corporation of America v. Michlin Prosperity Co., Ltd.*, 2015 WL
19 5768340, at 6. Indeed, the court in *Aurora* found that the defendant's FOB sales,
20 without the presence of "other factors" were insufficient to establish Personal
21 Jurisdiction and granted the defendant's Motion to Dismiss for Lack of Personal
22 Jurisdiction.

23 Plaintiff argues that Defendant routinely attended trade shows in the US, but
24 then provides only inadmissible hearsay as evidence to support that position.
25 Furthermore, this inadmissible hearsay provides a measly two (2) examples of
26 Defendant participating in a trade show. Once in 2012, and once in 2016. Two trips
27 to the United States can hardly be considered routine or establish minimum contacts
28 for the purposes of the exercise of Personal Jurisdiction. Indeed, even where a

1  defendant attended a trade show annually, the court found that it did not have Personal
2  Jurisdiction over the defendant. *Kipp v. SKI Enter. Corp. of Wis.*, 783 F.3d 695 (7th
3  Cir. 2015)

4  Defendant is unsure what Plaintiffs mean by the term "quasi FOB" as that is not
5  a real term, and Defendant makes sales that are FOB. Here, like in *Aurora*, Defendant
6  simply does not do more than sell goods FOB in Taichung Port, Taiwan. Accordingly,
7  the Court does not have Personal Jurisdiction over Defendant.

### B. The BN'B RACK Trademark is a Red Herring

Defendant's ownership of U.S. Registered Trademark No. 3827805 for BN'B RACK ("BN'B RACK") is a red herring. Defendant sold goods to entities that Defendant discovered were re-selling in various countries. In order to prevent counterfeiters from unfairly competing with Defendant's customers, Defendant thought it would be a good idea to have a U.S. Trademark Registration.

Defendant took ownership of the BN'B RACK before Defendant had U.S. Trademark Counsel, and did not understand that in order to own a U.S. Trademark Registration, the owner must sell or offer for sale goods under the Mark in the United States. Because Defendant does not actually sell or offer for sale goods under BN'B RACK in the United States, Defendant should never have had ownership of BN'B RACK. Accordingly, once it confers with U.S. Trademark Counsel, Defendant will seek to Expressly Abandon the BN'B RACK. Decl. J. Shen ¶7.

Plaintiffs argue that products under the BN'B RACK name are available on Amazon.com, but critically, Plaintiffs fail to identify by whom the BN'B RACK products are sold. See Decl. J. Bruce ¶4. Even assuming that this BN'B RACK is relevant to the present issues, which it is not, Plaintiffs have not provided any evidence that the cited sales were made by Defendant.

In sum, the BN'B Trademark is a red herring that does not actually have any substantive effect on the present litigation.

### III. CONCLUSION

1  For the reasons set forth hereinabove, Defendant respectfully requests that the
2  Court dismiss the Complaint with Prejudice for Lack of Personal Jurisdiction under
3  FRCP 12(b)(2).

5  DATED: July 3, 2017                    **HANKIN PATENT LAW, APC**

7                                         By:  /Marc E. Hankin/
                                          Marc E. Hankin
8                                         Attorneys for Defendant,
                                          King Roof Industrial Co. Ltd.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 1265, Los Angeles, CA 90025.

On July 3, 2017, I caused to be served the **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** on the interested parties in this action, by electronic service as follows:

Chia-li Bruce
**BRUCE STONE LLP**
425 Market Street, Suite 2200
San Francisco, CA 94105
cshih@BruceStone.us
Phone: (415) 230-4343
Fax: (415) 236-6060

___   (BY MAIL) The envelopes were first class mail, with postage thereon fully prepaid, U.S. Mail.  I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service or FED EX on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

___   (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee listed as above.

XX   (BY ELECTRONIC SERVICE) Via electronic notification provided by CM/ECF and by e-mail to the e-mail address listed as above.

___   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX   (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of the Court at whose direction the service was made.

/Anooj Patel/

Date: July 3, 2017                                                            Anooj Patel