Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel:  (310) 979-3600
Fax: (310) 979-3603

Attorneys for Defendant,
**KING ROOF INDUSTRIAL CO. LTD.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| King Shen Co., LTD., a Taiwan Corporation, and David Tsai, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>King Roof Industrial Co. Ltd., a Taiwan Corporation,<br><br>       Defendant. | CASE No. 2:17-cv-03845 GW (MRWx)<br><br>Assigned Judge:  Hon. George Wu<br><br>**REPLY IN SUPPORT OF MOTION TO QUASH FOR IMPROPER SERVICE FILED CONCURRENTLY WITH EVIDENTIAL OBJECTIONS TO THE PURPORTED EVIDENCE AND DECLARATION OF COUNSEL SUBMITTED BY PLAINTIFF IN ITS OPPOSITIONS**<br><br>Date:  July 24, 2017<br>Time: 8:30 am<br>Courtroom:  9D, 9th Floor, 350 West 1st Street, Los Angeles, CA  90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Summary

Defendant King Roof Industrial Co. Ltd. ("Defendant") filed its Motion to Quash for Improper Service on June 16, 2017. Plaintiff King Shen Co. LTD. filed its Opposition to the Motion to Quash on June 26, 2017.

## II. PLAINTIFF FAILED TO COMPLY WITH THE REQUIREMENTS FOR SERVICE OF PROCESS IN A FOREIGN COUNTRY SET FORTH BY THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 4

Defendant did not receive proper Service of Process pursuant to the Hague Service Convention or the Federal Rules of Civil Procedure, Rule 4. The Hague Service Convention sets forth the rules and procedures for providing Service of Process in foreign countries.

### A. The Hague Service Convention Was Not Followed

The only reason that The Republic of China (Taiwan) is not a formal signatory to the Hague Service Convention is because politically, the People's Republic of China (China) has made sure that Taiwan is not recognized by the governments of the world, including the United States. However, Taiwan is still a sovereign nation despite China's attempts to annex it, and Taiwan still has the right to govern within its own borders. Accordingly, "service of process" by a foreign entity of legal documents that have not gone through the proper channels is a direct affront to the sovereignty of Taiwan, and is not permitted pursuant to generally accepted principles of international law.

To accommodate litigants from other countries, Taiwan has acceded to the Hague Service Convention and the American Institute in Taiwan has acted as

Taiwan's de facto central authority for that purpose when transmitting official court documents between Taiwan and the United States. The American Institute in Taiwan specifically handles matters such as Letters Rogatory from the United States that are served in accordance with the Hague Service Convention.

Here, Plaintiffs admit that it did not follow the procedures required by the Hague Service Convention, but instead just tried to serve directly using procedures that might be acceptable within the United States. That is improper and must be stricken because were this Honorable Court to permit such a violation of Taiwan law, that would be an affront to the sovereignty of the Republic of China. Just because the United States would permit something to be done, does not mean that another sovereign nation also would permit that behavior.

Because the Republic of China was not requested to cooperate and permit the attempted Service within the sovereign nation of Taiwan, the United States is without authority to conduct its own legal affairs on Taiwan's soil. Accordingly, Plaintiffs' attempt to shortcut proper diplomatic channels is completely improper and Plaintiffs' purported "service" that failed to comply with The Hague Service Convention should be Quashed.

### B. Service Was Improper Under Federal Rules of Civil Procedure, Rule 4(f)(2)

Plaintiff argues that because the Hague Service Convention does not apply, which it does, Service of Process can be proper under Federal Rules of Civil Procedure, Rule 4 when Plaintiff serves an English copy of legal documents on an agent of a Taiwanese company, in the country of Taiwan, wherein the agent is able to read and write in Mandarin Chinese, Taiwan's official language, but not English. Declaration of J. Shen, ¶ 10. Additionally, the person who received the documents via the attempted Personal Service, Ms. Chen, is not a General Manager of Defendant, Ms. Chen is a member of the accounting department at King Roof. Supplemental Declaration of J. Shen ¶8.

*1) Personal Service under Taiwan Code of Civil Procedure Article 131 was*

*Improper*

The U.S. State Department may provide guidelines as to acceptable service methods, but the U.S. State Department does not have any sort of authority as to how to affect proper Service of Process in Taiwan. Taiwan is its own sovereign country with and its own laws that must be followed, not an interpretation of those laws by the U.S. State Department.

The Taiwan Code of Civil Procedure Article 131 requires service upon a Manager of the corporation. Accordingly, because Ms. Chen is not a Manager of Defendant, Service of Process upon Ms. Chen was improper. Therefore personal service on Ms. Chen does not satisfy FRCP Rule 4(f)(2).

*2) All Service Documents were provided in English*

The Taiwan Code of Civil Procedure Articles 116 to 122 do not explicitly require that a legal document be translated into Mandarin Chinese, and so Plaintiff argues that it is proper to serve a Taiwanese company in Taiwan, a country where the official language is Mandarin Chinese, with English documents. Accordingly, Plaintiff essentially argues that the Taiwan Code of Civil Procedure allows for Service of Process in Taiwan, a country having an official language of Mandarin Chinese, to be provided in any language.

Additionally, when not specifically arguing that Service of Process can be completed in English, Plaintiffs state, without reservation, "Taiwan is not an English speaking country and all Court proceedings are conducted in Mandarin Chinese." Plaintiffs Opposition to Defendants Motion to Dismiss for Forum Non Conveniens, p. 6, l. 22-23. Yet Plaintiffs believe it is acceptable to Serve legal documents in Taiwan in English.

Plaintiffs' only support arguing that documents may be served in English is the exact definition of hearsay. Specifically, Counsel for Plaintiffs had an oral conversation with an agent of the Taiwan Court who purportedly stated that the laws of Taiwan provided that documents may be Served in English. Plaintiffs' Opposition

1  to Motion to Quash, p. 7, l. 10-14.  This is simply an out of court statement offered to
2  prove the truth of the matter asserted, and must be excluded as evidence. *See*
3  Defendant's Objections.
4      Plaintiff's "extra precaution" of providing Service of Process by FedEx also
5  provided the legal documents in English, so the same deficiencies explained
6  hereinabove apply.

## III.  CONCLUSION

9   For the foregoing reasons, Defendant requests that Service be Quashed.  If the
10 Court does not dismiss the Complaint for Lack of Personal Jurisdiction or Forum
11 Nonconveniens, Defendant requests that the Court instruct Plaintiffs that in order to
12 properly Serve Defendant, Plaintiff must proceed with the process of having a Letter
13 Rogatory prepared through the American Institute in Taiwan.

15   DATED: July 3, 2017         **HANKIN PATENT LAW, APC**

17                  By:  _/Marc E. Hankin/_____
                        Marc E. Hankin Attorneys for Defendant,
18                      King Roof Industrial Co. Ltd

**PROOF OF SERVICE**

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 1265, Los Angeles, CA  90025.

    On July 3, 2017, I caused to be served the **REPLY IN SUPPORT OF MOTION TO QUASH FOR IMPROPER SERVICE** on the interested parties in this action, by electronic service as follows:

Chia-li Bruce
**BRUCE STONE LLP**
425 Market Street, Suite 2200
San Francisco, CA 94105
cshih@BruceStone.us
Phone: (415) 230-4343
Fax: (415) 236-6060

___  (BY MAIL) The envelopes were first class mail, with postage thereon fully prepaid, U.S. Mail.  I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service or FED EX on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

___  (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee listed as above.

XX  (BY ELECTRONIC SERVICE) Via electronic notification provided by CM/ECF and by e-mail to the e-mail address listed as above.

___  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX  (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of the Court at whose direction the service was made.

                                                               /Anooj Patel/

Date: July 3, 2017                                            Anooj Patel